UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK              X

PATRICIA WEISS, ESQ.

        Plaintiff      # 22-CV-05729 (GRB/JMW)

- against -              **PLAINTIFF'S**
                  **NOTICE OF APPEAL**

STATE OF NEW YORK, HONORABLE JUSTICE
JAMES HUDSON, and JOHN BUSIELLO
         Defendants.
_____X

  NOTICE is hereby given that PATRICIA WEISS, ESQ. Plaintiff in the above named case, hereby appeals to the United States Court of Appeals for the Second Circuit from the "Docket Order" Judgment entered in this case on September 27, 2022 and the Clerk's closure of the case on September 27, 2022, as directed. A copy of the "Docket Order" is attached hereto. This appeal is from all parts thereof, including District Judge Gary R. Brown's *sua sponte* dismissal of the suit.

 The EDNY Docket Sheet is its entirety is also attached.

Dated: September 30, 2022     Respectfully submitted,
               /s/ *Patricia Weiss, Esq.*
               Patricia Weiss, Esq. [attorney *pro se*]
               Sag Harbor Shopping Cove
               78 Main Street – Suite 14
               P.O. Box 751
               Sag Harbor, NY 11963
               Tel. (631) 725-4486 / Fax (631) 725-0295
               PWESQSAG@aol.com

**From:** ecf_bounces@nyed.uscourts.gov,
**To:** nobody@nyed.uscourts.gov,
**Subject:** Activity in Case 2:22-cv-05729-GRB-JMW Weiss, Esq. v. State Of New York et al Order Dismissing Case
**Date:** Tue, Sep 27, 2022 4:02 pm

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

## Eastern District of New York

### Notice of Electronic Filing

The following transaction was entered on 9/27/2022 at 4:02 PM EDT and filed on 9/27/2022
**Case Name:** Weiss, Esq. v. State Of New York et al
**Case Number:** 2:22-cv-05729-GRB-JMW
**Filer:**
**WARNING: CASE CLOSED on 09/27/2022**
**Document Number:** No document attached

**Docket Text:**
**ORDER DISMISSING CASE. Plaintiff, an attorney, filed this pro se action purporting to assert Sec. 1983 claims against a state Supreme Court justice and others, in connection with the imposition of a $10,000 sanction upon her for misconduct in state court, to wit: the filing of a frivolous notice of pendency. The complaint, while quite voluminous, is scant on discernible claims yet rife with issues. The most obvious problem presented is the fact that plaintiff complains of a state court order from August 2022, which, according to the express allegations of the complaint, is on appeal to the New York Appellate Division. Complaint, para. 29, 36, 38. As a result, plaintiff seeks, among other things, that this Court enjoin "the State of New York's Judiciary generally...from conducting any hearings concerning the imposition of sanctions and costs under 22 NYCRR Part 130 []" Plaintiff's attempt to end-run the state appellate process implicates both the Rooker-Feldman and Younger abstention doctrines.**

**"Rooker Feldman establishes the principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." MacPherson v. Town of Southampton, 664 F. Supp. 2d 203, 209 (E.D.N.Y. 2009). Here, review of the complaint reveals that all four of the prerequisites of Rooker Feldman are overwhelmingly satisfied. MacPherson v. Town of Southampton, 664 F. Supp. 2d 203, 210 (E.D.N.Y. 2009) ("First, the federal court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been 'rendered before the district court proceedings commenced.'")**

**"Younger generally prohibits courts from 'taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings' so as to avoid unnecessary friction." Spargo v. New York State Comm'n on Jud. Conduct, 351 F.3d 65, 75 (2d Cir. 2003). Again, the complaint alleges sufficient facts to satisfy the three elements of Younger**

abstention. MacPherson v. Town of Southampton, 664 F. Supp. 2d 203, 21213 (E.D.N.Y. 2009) ("Younger abstention is mandatory when: (1) there is an ongoing state proceeding; (2) an important state interest is involved; and (3) the plaintiff has an adequate opportunity for judicial review of his constitutional claims during or after the proceeding.") Earlier today, the Second Circuit upheld the dismissal of an action, citing Younger abstention principles, in a highly similar case involving contempt sanctions. See Fischman v. Murphy, __ Fed.App'x __ (2d Cir. Sept 27, 2022) (noting that "a federal court should abstain from exercising jurisdiction when the case 'implicate[s] a [s]tates interest in enforcing the orders and judgments of its courts.')

Based on the foregoing, the action is DISMISSED and the Clerk is directed to close the case.

Ordered by Judge Gary R. Brown on 9/27/2022. (Brown, Gary)

**2:22-cv-05729-GRB-JMW Notice has been electronically mailed to:**

Patricia A. Weiss    pwesqsag@aol.com

**2:22-cv-05729-GRB-JMW Notice will not be electronically mailed to:**

Patricia Weiss, Esq.

CLOSED,ACO,NPROSE

# U.S. District Court
# Eastern District of New York (Central Islip)
# CIVIL DOCKET FOR CASE #: 2:22-cv-05729-GRB-JMW

Weiss, Esq. v. State Of New York et al  
Assigned to: Judge Gary R. Brown  
Referred to: Magistrate Judge James M. Wicks  
Cause: 42:1983 Civil Rights Act  

Date Filed: 09/25/2022  
Date Terminated: 09/27/2022  
Jury Demand: None  
Nature of Suit: 440 Civil Rights: Other  
Jurisdiction: Federal Question  

**Plaintiff**

**Patricia Weiss, Esq.**      represented by **Patricia Weiss, Esq.**  
PRO SE

**Patricia A. Weiss**  
Patricia Weiss, Esq.  
Sag Harbor Shopping Cove  
78 Main Street - Suite 14  
P.O. Box 751  
Sag Harbor, NY 11963-0019  
(631) 725-4486  
Fax: (631) 725-0295  
Email: pwesqsag@aol.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**State Of New York**

**Defendant**

**Honorable Justice James Hudson**

**Defendant**

**John Busiello**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/25/2022 | 1 | COMPLAINT *against Defendants State of New York, Honorable Justice James Hudson, and John Busiello [but it's not "against" Plaintiff Patricia Weiss, Esq.]* against All Defendants Was the Disclosure Statement on Civil Cover Sheet completed -YES,, filed by Patricia Weiss, Esq.. (Attachments: # 1 Exhibit 1-Justice Hudson's Memorandum & Order 8-8-22, # 2 Exhibit 2- Associate Justice Wan's Order To Show Cause, # 3 Exhibit 3- Busiello's recorded Declaration of Covenants, # 4 Exhibit 4- Legal Invoice of Busiello's attorney William T. LaVelle, Esq., # 5 Civil Cover Sheet, # 6 Proposed Summons) (Jakubowski, Laura) (Entered: 09/26/2022) |
| 09/25/2022 |   | FILING FEE: $ 402, receipt number ANYEDC-15973508 (Jakubowski, Laura) (Entered: |

| | | |
|---|---|---|
| | | 09/26/2022) |
| 09/26/2022 | 2 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made, if any. (Bowens, Priscilla) (Additional attachment(s) added on 9/26/2022: # 1 Additional Corrections) (Jakubowski, Laura). (Entered: 09/26/2022) |
| 09/26/2022 | | Incorrect Document Entry Information. Complaint was entered as against plaintiff; entry was deleted and re-entered as against defendants. (Jakubowski, Laura) (Entered: 09/26/2022) |
| 09/26/2022 | | Case Assigned to Judge Gary R. Brown and Magistrate Judge James M. Wicks. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (Jakubowski, Laura) (Entered: 09/26/2022) |
| 09/26/2022 | 3 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if all** parties wish to consent. The form may also be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent.** (Jakubowski, Laura) (Entered: 09/26/2022) |
| 09/26/2022 | 4 | Summons Issued as to All Defendants. (Jakubowski, Laura) (Entered: 09/26/2022) |
| 09/26/2022 | 5 | Notice of Related Case: **The Civil Cover Sheet filed in this civil action indicates a related case.** (Jakubowski, Laura) (Entered: 09/26/2022) |
| 09/27/2022 | | ORDER DISMISSING CASE. Plaintiff, an attorney, filed this pro se action purporting to assert Sec. 1983 claims against a state Supreme Court justice and others, in connection with the imposition of a $10,000 sanction upon her for misconduct in state court, to wit: the filing of a frivolous notice of pendency. The complaint, while quite voluminous, is scant on discernible claims yet rife with issues. The most obvious problem presented is the fact that plaintiff complains of a state court order from August 2022, which, according to the express allegations of the complaint, is on appeal to the New York Appellate Division. Complaint, para. 29, 36, 38. As a result, plaintiff seeks, among other things, that this Court enjoin "the State of New York's Judiciary generally...from conducting any hearings concerning the imposition of sanctions and costs under 22 NYCRR Part 130 []" Plaintiff's attempt to end-run the state appellate process implicates both the Rooker-Feldman and Younger abstention doctrines.<br><br>"Rooker Feldman establishes the principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." MacPherson v. Town of Southampton, 664 F. Supp. 2d 203, 209 (E.D.N.Y. 2009). Here, review of the complaint reveals that all four of the prerequisites of Rooker Feldman are overwhelmingly satisfied. MacPherson v. Town of Southampton, 664 F. Supp. 2d 203, 210 (E.D.N.Y. 2009) ("First, the federal court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been 'rendered before the district court proceedings commenced.'")<br><br>"Younger generally prohibits courts from 'taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings' so as to avoid unnecessary friction." Spargo v. New York State Comm'n on Jud. Conduct, 351 F.3d 65, 75 |

| Date | # | Docket Text |
|---|---|---|
| | | (2d Cir. 2003). Again, the complaint alleges sufficient facts to satisfy the three elements of Younger abstention. MacPherson v. Town of Southampton, 664 F. Supp. 2d 203, 21213 (E.D.N.Y. 2009)("Younger abstention is mandatory when: (1) there is an ongoing state proceeding; (2) an important state interest is involved; and (3) the plaintiff has an adequate opportunity for judicial review of his constitutional claims during or after the proceeding.") Earlier today, the Second Circuit upheld the dismissal of an action, citing Younger abstention principles, in a highly similar case involving contempt sanctions. See Fischman v. Murphy, __ Fed.App'x __ (2d Cir. Sept 27, 2022) (noting that "a federal court should abstain from exercising jurisdiction when the case 'implicate[s] a [s]tates interest in enforcing the orders and judgments of its courts.') <br><br>Based on the foregoing, the action is DISMISSED and the Clerk is directed to close the case. <br><br>Ordered by Judge Gary R. Brown on 9/27/2022. (Brown, Gary) (Entered: 09/27/2022) |
| 09/28/2022 | 6 | SUMMONS Returned Executed by Patricia Weiss, Esq.. State Of New York served on 9/27/2022, answer due 10/18/2022. (Weiss, Patricia) (Entered: 09/28/2022) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/30/2022 10:32:44 | | | |
| **PACER Login:** | patriciaweiss | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:22-cv-05729-GRB-JMW |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

## Declaration of Service

I, Patricia Weiss, declare, pursuant to 28 U.S.C. § 1746, under penalties of perjury under the laws of the United States of America, that the following is true and correct :

Today I served a copy of the foregoing Notice of Appeal by email and by USPS mail upon:

AAG Lori Lee Pack
Office of the New York State Attorney General
300 Motor Parkway
Hauppauge, NY 11788-5191               & lori.pack@ag.ny.gov


Dated:  September 30, 2022           Respectfully submitted,
                                     /s/ *Patricia Weiss, Esq.*
                                     Patricia Weiss, Esq.   [attorney *pro se*]
                                     Sag Harbor Shopping Cove
                                     78 Main Street – Suite 14
                                     P.O. Box 751
                                     Sag Harbor, NY 11963
                                     Tel. (631) 725-4486 / Fax (631) 725-0295
                                     PWESQSAG@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          X

PATRICIA WEISS, ESQ.

                         Plaintiff                # 22-CV-05729 (GRB/JMW)

  - against -

STATE OF NEW YORK, HONORABLE JUSTICE
JAMES HUDSON, and JOHN BUSIELLO
                      Defendants.

—————————————————————X

# PLAINTIFF'S NOTICE OF APPEAL

===============================================

Patricia Weiss, Esq.
[Attorney *pro se*]
Sag Harbor Shopping Cove
78 Main Street – Suite 14
P.O. Box 751
Sag Harbor, NY 11963
Tel. (631) 725-4486
Fax (631) 725-0295
PWESQSAG@aol.com